```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Securities and Exchange Commission

    v.                              Civil No. 04-cv-228-JD

Fairpax.com, Fairpax, Inc.,
and John Does, Nos. 1-20

                              O R D E R

Default has been entered against the defendants in this case, and the Securities and Exchange Commission ("SEC") moves for a default judgment to enjoin the defendants from violating the Securities Exchange Act and the Securities Act. The SEC also asks the court to retain jurisdiction over the case in order to enforce the injunction. The defendants have not responded to the SEC's motion.

"The SEC has authority under the Securities Exchange Act to bring an action in district court to enjoin individuals from engaging 'in acts or practices constituting a violation of any provision' of the securities laws." S.E.C. v. Fife, 311 F.3d 1, 7 (1st Cir. 2002). An injunction is appropriate when there is proof of a reasonable likelihood that the defendant will again engage in "'substantive violation of either one of the Acts or of the regulations promulgated thereunder.'" S.E.C. v. Sargent, 329 F.3d 34, 39 (1st Cir. 2003) (quoting Aaron v. S.E.C., 446 U.S.

680, 700-01 (1980)).  "The reasonable likelihood of future violations is typically assessed by looking at several factors, none of which is determinative," including the nature of the defendants' past violation, whether the defendants will be in a position to violate again, and whether the defendants have acknowledged the wrongfulness of their actions.  Id.

The SEC alleges that the defendants have sold unregistered securities in violation of Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. § § 77e(a) and 77e(c).  The SEC also alleges that the defendants have engaged in fraud in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5.  Because default has been entered against the defendants, all of the factual allegations in the complaint as to their liability are taken as true.  See, e.g., KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 9 (1st Cir. 2003); McKinnon v. Kwong Wah Rest., 83 F.3d 498, 506 n.5 (1st Cir. 1996); S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005).

Based on the allegations in the SEC's complaint, the owners and operators of FairPax.com and FairPax, Inc., who are identified in the complaint only as John Does 1-20, purported to offer "socially responsible mutual funds" for sale through a

website on the internet.  They used a description of the purported mutual funds taken without authorization from the website of Pax World Funds, a registered mutual fund complex.  The FairPax website promised an exorbitant guaranteed annual rate of return of 657%.  The funds offered by FairPax were not registered, nor was FairPax a registered investment advisor.  As is more fully explained in the SEC's memorandum in support of the motion for entry of default judgment, the defendants have violated the Securities Act and the Securities Exchange Act.

The SEC asks that the defendants be enjoined from future violations based on the egregiousness of their past violations, their efforts to conceal their identities, and their failure to appear in this action.  The court agrees that the defendants' violations were egregious.  In addition, the defendants have not acknowledged their wrongdoing but instead have slipped away without facing the consequences of that conduct.  Further, their use of the internet suggests an opportunity to engage in the same conduct in the future.  Therefore, a permanent injunction to prevent the same violations in the future is appropriate and will be issued in a separate order.

## Conclusion

For the foregoing reasons, the SEC's motion for entry of default judgment (document no. 14) is granted.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph A. DiClerico, Jr.
United States District Judge

October 12, 2005

cc: Ian D. Roffman, Esquired

4